LAW OFFICES OF JAMES T. REED, JR.
7755 Center Avenue, Suite 1100
Huntington Beach, CA    92647
Attn:   James T. Reed, Jr., Bar No. 116933

(714)   536.9766

Attorneys for Plaintiff
WELLS FARGO BANK, N. A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK N.A. a national banking association<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK N.A. a national banking association,<br><br>　　　　　Defendant,<br><br>_____ | **CASE NO.   2: 17-cv-8048**<br><br>**COMPLAINT FOR DAMAGES FOR CONVERSION - CALIFORNIA COMMERCIAL CODE § 3420** |

　　　　　Plaintiff, WELLS FARGO BANK, N.A. ("Wells Fargo" herein) brings this action against the defendant JPMORGAN CHASE BANK, N.A. ("CHASE BANK" herein) and complains and alleges as follows:

## JURISDICTION AND VENUE

　　　　　1.　　This case arises under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy, exclusive of any interest and costs, exceeds the jurisdictional amount of

$75,000.00. *In personam* jurisdiction exists over CHASE BANK because it has offices, does business and enters into transactions, including the transaction forming the subject matter of this action, in the Central District of California.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b) because CHASE BANK, has offices, in the Central District of California and a substantial part of the events or omissions giving rise to the claim which forms the subject matter of this action occurred within the Central District of California.

## THE PARTIES

3. That at all times mentioned herein, Plaintiff WELLS FARGO BANK N.A was and is a national banking association organized under the laws of the United States of America, with its principal offices in Sioux Falls, South Dakota.

4. That at all times mentioned herein the Defendant CHASE BANK is and was a national banking association organized under the laws of the United States of America, with its principal offices located in Columbus, Ohio.

## INTRODUCTION AND BACKGROUND

5. On or about November 21, 2014 CHASE BANK accepted for deposit a check in the amount of $104,473.18 jointly payable to Wells Fargo and three other payees ("Check" herein). The endorsement purporting to be that of Wells Fargo on this Check is a forgery and was not made or authorized by Wells Fargo in any way. The Check was issued in payment of an insurance claim as the result of fire which substantially damaged the family residence of Wells Fargo's customers. This residence was pledged to Wells Fargo under a deed of trust securing a loan which Wells Fargo had provided to its customers.

6. The party who forged the endorsement of Wells Fargo is, or was, a customer of CHASE BANK and has been prosecuted and convicted for, among other things, this wrongful act.

7. As more fully alleged herein below the CHASE BANK is liable to

Wells Fargo for conversion of the Check pursuant to California Commercial Code § 3420.

## FIRST CLAIM FOR RELIEF

(DAMAGES FOR CONVERSION- COMMERCIAL CODE § 3420)

(As to Defendant JPMORGAN CHASE BANK N. A.)

8. Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 7 of this complaint as though fully set forth herein.

9. At all times material herein Wells Fargo held, and continues to hold a perfected security interest by reason of a deed of trust recorded in the Los Angeles County Recorder's Office encumbering certain real property held in the name of its borrowers Laurie Fowkes-Walton and Kevin Walton (the "Homeowners") which is located in the Central District of California at 42048 22d St. W. Lancaster, California, (the "Property"). The Property is Wells Fargo's security for a loan it granted to the Homeowners.

10. The Property was insured by the Homeowners through a policy of insurance ("Policy") issued by Universal North America Insurance Company ("Universal") and Wells Fargo is the first-loan mortgagee encumbering the Property described and insured by the Policy issued by Universal. The Universal policy protects Wells Fargo from any damage or loss to the Property including fire damage and loss.

11. Thereafter, the Property was substantially damaged by a fire loss, which is a covered loss under the Policy of insurance issued by Universal.

12. After the fire loss occurred, the Homeowners were solicited by Jose Manuel Villa who also used the business name of Statewide Claims Advisors, Inc. (collectively "Villa/Statewide") to assist them with their fire insurance claim. During this process Villa/Statewide asserted that he/it is a licensed public adjuster and could assist the Homeowners with the repair of the Property.

13. Villa/Statewide are customers of CHASE BANK and Villa is a signatory on the account maintained with CHASE BANK.

14. The Homeowners submitted a claim for the substantial fire damage to

their home, the Property, under the Universal Policy.

15. In accordance with the terms and requirements the Policy, on November 7, 2014 Universal issued a multi-party check number 30632, payable to the Homeowners and Wells Fargo and Statewide Claims Adjustors in the amount of $104,473.18 and delivered the Check to the copayee Homeowners.

16. Villa convinced the Homeowners to provide their endorsement on the Check and to give the Check to him, advising them that Villa/Statewide would obtain Wells Fargo's endorsement on the Check, so that the Homeowners could have the funds they needed for the repair of the fire damage to their Property.

17. Villa/Statewide did not obtain the endorsement of the Check from Wells Fargo and instead, forged Wells Fargo's endorsement to that item and deposited the Check in the account Willa/Statewide maintained with CHASE BANK at its branch office located in the Central District of California on November 21, 2017.

18. CHASE BANK, as the depository bank, accepted the deposit of the Check from Villa/Statewide and obtained payment of that item from Universal's account at US Bank, the payor bank, by sending the Check through the check clearing system and credited Villa/Statewide with the amount of the Check.

19. Wells Fargo never authorized Villa/Statewide or CHASE BANK to provide Wells Fargo's endorsement to the Check, Villa/Statewide never delivered the funds or proceeds of the Check to Wells Fargo or the Homeowners and Villa/Statewide never performed repairs to the Property.   Neither Wells Fargo nor the Homeowners received any benefit from the Check issued by Universal for the loss and damage to the Property.

20. Demands have been made, and by this complaint demand is made, on CHASE BANK for the recovery of the amount due on the Check which claims have been refused and rejected making this action necessary.

21. On or about May 15, 2017 Villa was convicted of felony charges

_____
COMPLAINT FOR DAMAGES FOR CONVERSION

including the theft of funds represented by the Check, and has been sentenced to prison for his offenses.

22. CHASE BANK has failed to return the $104,473.18 it credited to the account of Villa/Statewide, to either Wells Fargo or the Homeowners and has prevented Wells Fargo from providing the proceeds of the Check to the Homeowners for the repair of the Property.

23. Under the terms of the Universal Policy, as well as the deed of trust granting the security interest in the Property, Wells Fargo has an interest in the full amount of the Check, $104,473.18. Despite its right and interest in the proceeds of the Check, Wells Fargo has not received any benefit of the Check, none of the proceeds of the Check have been used to repair the Property and none of the proceeds were applied to the mortgage in favor of Wells Fargo.

24. Notwithstanding that Wells Fargo is an express copayee of the Check, CHASE BANK accepted the Check without the genuine, bona fide and authorized endorsement of Wells Fargo, all of which was done by CHASE BANK without Wells Fargo's knowledge, permission or consent.

25. In doing the things as herein alleged and by taking the Check for payment from a person not entitled to its enforcement or to receive payment thereon CHASE BANK converted the Check in violation of California Commercial Code § 3420.

26. As the direct and proximate result of the actions of CHASE BANK, Wells Fargo has been damaged in the amount of not less than $104,473.18 and according to proof at trial.

/ /

/ /

COMPLAINT FOR DAMAGES FOR CONVERSION

WHEREFORE, Plaintiff prays:

1. That plaintiff, Wells Fargo Bank N.A. be awarded compensatory damages against the defendant JPMORGAN CHASE N.A. in the amount of not less than $104,473.18 and such further amounts as may be shown, according to proof, at trial.

2. For costs incurred herein; and

3. For such other and further relief as this Court may deem just and proper.

Respectfully Submitted:

LAW OFFICES OF JAMES T. REED, JR.

Dated: November 3, 2017     /s/ James T. Reed, Jr.
JAMES T. REED, JR.
Attorneys for Plaintiff
WELLS FARGO BANK N.A

(JTR)
COMPLAINT.01